UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALNA HOLDING CYPRESS LTD, <br><br> Plaintiff, <br><br> v. <br><br> BIBO BIOPHARMA ENGINEERING COMPANY LTD., et al., <br><br> Defendants. | Case No. 25-cv-03328-KAW <br><br> **ORDER DENYING MOTION FOR EXPEDITED DISCOVERY** <br><br> Re: Dkt. No. 22 |

Petitioner Valna Holding Cypress Ltd. filed this action against Defendants BiBo Biopharama Engineering Company Ltd. ("BiBo Biopharma"), BiBo Pharma Scientific Company Ltd. ("BiBo Pharma"), and BiBo Biopharma Engineering Co., Ltd. ("BiBo Biopharma MA"), seeking to confirm an arbitration award. (Amend. Pet., Dkt. No. 15.) On December 11, 2025, Petitioner filed a motion for expedited discovery on third-party 89bio, Inc. ("89bio"). (Mot. for Discovery, Dkt. No. 22.)

The Court previously found this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 28.) Having considered the filings and relevant legal authorities, the Court DENIES Petitioner's motion for expedited discovery on 89bio.

## I.    BACKGROUND

Beginning in September 2022, Petitioner and Respondents BiBo Biopharma and BiBo Pharma attended an arbitration before the London Court of International Arbitration. (Amend. Pet. ¶ 1.) On April 10, 2024, the arbitrator issued a final award, requiring that Respondents BiBo Biopharma and BiBo Pharma pay $3 million, as well as pre-award interest of $175,808.22 and post-award interest at the rate of 3% per annum. (Amend. Pet. ¶ 15.) On July 24, 2024, the arbitrator issued a cost award, requiring that Respondents BiBo Biopharma and BiBo Pharma pay

€1,133,963.71 in legal costs and expenses and £7,037.17 in arbitration costs, as well as post-award interest at the rate of 3% per annum. (Amend. Pet. ¶ 15.) On April 14, 2025, Petitioner filed this action to have the arbitral awards confirmed.

On December 11, 2025, Petitioner filed the instant motion seeking expedited discovery on 89bio. Specifically, Petitioner believes Respondent BiBo Biopharma holds accounts receivables from 89bio, and such accounts receivable will likely become a target of Petitioner's collection and enforcement efforts. (Mot. for Discovery at 5.)

On December 17, 2025, the Court ordered Petitioner to serve the instant motion on 89bio and extended the opposition deadline to January 29, 2026. (Dkt. No. 23.) On December 22, 2025, Petitioner filed a proof of service, stating that the instant motion and the Court's December 17, 2025 order were personally served on 89bio's agent for service of process on December 18, 2025. (Dkt. No. 26.)

To date, no opposition has been filed.

## II.    LEGAL STANDARD

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In deciding whether to allow early discovery, courts apply a good cause standard. *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-3404, 2017 U.S. Dist. LEXIS 44863, at *5 (N.D. Cal. Mar. 27, 2017); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the party." *Semitool, Inc.*, 208 F.R.D. at 276. Factors commonly considered by the parties include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose of requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-1846-LHK, 2011 U.S. Dist. LEXIS 53233, at *4 (N.D. Cal. May 18, 2011).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

### III.    DISCUSSION

The Court finds that there is no good cause to permit discovery, as Petitioner fails to show that the need for expedited discovery outweighs the prejudice to the party.

First, there is no motion for a preliminary injunction, and Petitioner does not suggest that they intend to file such a motion. (Mot. for Discovery at 6.) Further, it is not clear that 89bio's assets will ultimately be at issue in this case; rather, Petitioner asserts that it "believes that BiBo [Biopharma] holds accounts receivables from 89bio," and that such an account "will likely become a target of Petitioner's collection and enforcement efforts." (*Id.* at 5.) Yet there is nothing to suggest that Petitioner will not be able to obtain assets directly from Respondents, such that the Court should allow discovery on a non-party before the arbitration award at issue is even confirmed. *See Light & Wonder Inc. v. Beijing Beta Tech. Co.*, No. 25-cv-05821-PCP (VKD), 2025 U.S. Dist. LEXIS 178409, at *6 (N.D. Cal. Sep. 11, 2025) (denying expedited discovery where there was "no basis for the Court to conclude that any defendant had assets in the United States that are at risk of transfer or dissipation").

Second, the Court acknowledges that the breadth of Petitioner's proposed discovery is narrow, as it seeks: (1) the collaboration agreement between 89bio and Respondent BiBo Biopharma, (2) communications showing proof of a $161.5 million payment, and (3) payment schedules for a forthcoming $13.5 million milestone payment. (*See* Geng Decl. Exh. A ("Subpoena") at 5.) The three categories are discrete and focused on the payments due to Respondent BiBo Biopharma.

Third, Petitioner seeks discovery on 89bio purportedly because discovery "will protect the Petitioner's rights and substantially move the case forward," specifically whether "it can enforce its confirmed arbitral award against BiBo [Biopharma]'s accounts receivables. (Mot. for Discovery at 7, 8.) Thus, it appears Petitioner's discovery request does not concern the merits of the case, *i.e.*, whether the arbitral award should be confirmed. Rather, it concerns a potential avenue of enforcement should the arbitral award be confirmed and Petitioner be found to be entitled to Respondent BiBo Biopharma's accounts receivables as held by 89bio. *Contrast with Semitool*, 208 F.R.D. at 276-77 (permitting expedited discovery that the defendants conceded

would be relevant and produced in the normal course of discovery). The Court therefore disagrees that the proposed discovery will move the case forward in a meaningful way.

Fourth, the burden on 89bio is arguably not significant, given the narrow scope of the subpoena. That said, "courts in this Circuit have long taken care to protect non-parties from bearing the burden of discovery properly borne by parties to a litigation." *Light & Wonder Inc.*, 2025 U.S. Dist. LEXIS 178409, at *8 (citing *United States v. CBS, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). Further, Petitioner has not demonstrated that the discovery sought would not be available from Respondents. *Id.* at *9; *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). Under these circumstances, while the burden on 89bio is not significant, it also does not appear to be warranted.

Finally, Petitioner asserts that the Court need not consider how far in advance of the typical discovery process the request was made because arbitration proceedings are exempt from Rule 26 disclosure requirements. (Mot. for Discovery at 9.) Rather, per Civil Local Rule 16-7, when a case is exempt from Rule 26's disclosure requirements, "[d]iscovery shall proceed . . . only at the time, and to the extent, authorized by the Judge in the case management order." Thus, this factor appears to be inapplicable because "there is no 'typical' discovery timeline here," as "the Court otherwise controls discovery proceedings." (*Id.*)

Taken together, the Court finds that Petitioner has not demonstrated good cause, as the need for discovery regarding enforcement of an arbitration award that has yet to be confirmed does not outweigh even the low burden to 89bio.

## IV.    CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's motion for expedited discovery.

IT IS SO ORDERED.

Dated: March 3, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4