UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALNA HOLDING CYPRESS LTD,

Petitioner,

v.

BIBO BIOPHARMA ENGINEERING
COMPANY LTD., et al.,

Respondents.

Case No. 25-cv-03328-KAW

**ORDER GRANTING MOTION FOR
AMENDED SUMMONS NUNC PRO
TUNC**

Re: Dkt. No. 31

Petitioner Valna Holding Cypress Ltd. filed this action against Respondents BiBo Biopharma Engineering Company Ltd. ("BiBo Biopharma"), BiBo Pharma Scientific Company Ltd. ("BiBo Pharma"), and BiBo Biopharma Engineering Co., Ltd. ("BiBo Biopharma MA"), seeking to confirm an arbitration award. (Amend. Pet., Dkt. No. 15.) On April 2, 2026, Petitioner filed a motion for an amended summons *nunc pro tunc* or, in the alternative, an order relieving Petitioner from re-serving the amended summons. (Mot. for Amend. Summons, Dkt. No. 31.)

The Court previously found this matter to be suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 34.) Having considered the filings and the relevant legal authorities, the Court GRANTS Petitioner's motion for an amended summons *nunc pro tunc*.

## I.    BACKGROUND

Beginning in September 2022, Petitioner and Respondents BiBo Biopharma and BiBo Pharma attended an arbitration before the London Court of International Arbitration. (Amend. Pet. ¶ 1.) On April 10, 2024, the arbitrator issued a final award in favor of Petitioner. (Amend. Pet. ¶ 15.) On April 14, 2025, Petitioner filed this action to have the arbitral award confirmed.

On June 13, 2025, Petitioner filed a proposed summons along with the amended petition. (Dkt. No. 16.) Petitioner has since been working to effectuate service of process on Respondents

United States District Court
Northern District of California

BiBo Biopharma and BiBo Pharma through the Hague Convention.  (*See* Mot. for Amend. Summons at 4-5; Geng Decl. ¶ 2, Dkt. No. 31-1.)  Respondents BiBo Biopharma and BiBo Pharma, in turn, have been evading and/or refusing service. (Geng Decl. ¶ 4.)  Thus, Petitioner has applied to the Supreme Court of China to obtain permission to effectuate service by leaving the documents at Respondents' addresses. (Geng Decl. ¶ 5.)  In the process, however, Petitioner discovered that the addresses listed for Respondents BiBo Biopharma and BiBo Pharma in the summons were flipped, even though those were the addresses that had previously been provided by Respondents during the arbitration.  (Geng Decl. ¶¶ 6-7.)

Accordingly, Petitioner filed the instant motion for an amended summons *nunc pro tunc*. To date, Respondents have not appeared in this case, and no opposition has been filed.

## II.    DISCUSSION

Federal Rule of Civil Procedure 4(a)(2) states: "The court may permit a summons to be amended."  "Courts construe this rule liberally and typically allow amendment to cure technical errors 'that are not misleading or prejudicial to the recipient of the summons.'" *Wills v. Hariohm P'ship*, No. 2:19-cv-00090, 2020 U.S. Dist. LEXIS 192078, at *6 (M.D. Tenn. Oct. 16, 2020) (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (4th ed. updated Apr. 2020)); *see also Gianna Enters. v. Miss World (Jersey), Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) ("Harmless errors that give a defendant proper notice, such as misspelling the defendant's name or referring defendant to the complaint for the proper caption, are clearly amendable *nunc pro tunc*[.]").

Here, the error of flipping Respondents BiBo Biopharma's and BiBo Pharma's address is a technical error that will not prejudice Respondents.  Indeed, Rule 4(a)(1) does not even require the address of the responding party in a summons. *See Wyatt v. Erie Cty.*, No. 19-CV-159W(F), 2021 U.S. Dist. LEXIS 7707, at *19 (W.D.N.Y. Jan. 14, 2021) (denying challenge to service of process where the summons did not include the defendant's correct address because Rule 4(a) did not require the defendant's address).  Thus, amending the summons *nunc pro tunc* would have no prejudicial effect on Respondents.  Rather, the summons served on Respondents will simply have the correct addresses, even though such information is not required by Rule 4.

2

United States District Court
Northern District of California

### III.    CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner's motion for an amended summons *nunc pro tunc*.

IT IS SO ORDERED.

Dated: May 11, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3